IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                  CRIMINAL ACTION NO. 1:12CR113

ALLEN G. SAOUD,
        Defendant.

## ORDER/OPINION

On the 1st day of May 2013, came the defendant, Allen G. Saoud, in person and by his counsel, Paul J. Harris, and also came the United States by its Assistant United States Attorney, Andrew Cogar, for hearing on defendant's motion for bill of particulars as to Counts Seven and Eight (Docket Entry 23) and the United States' response thereto (Docket Entry --). The matter was then heard on the motion, the government's response to said motion, and the arguments of counsel.

> The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an adequately described offense. . . when the indictment itself is *too vague and indefinite for such purposes.*

Wong Tai v. United States, 273 U.S. 77 (1927) (emphasis added). United States v. Addonizio, 451 F.2d 49, 63-64 (3rd Cir.), cert. denied, 405 U.S. 936 (1972).

> The function of a bill or particulars is not to provide "detailed disclosure of the government's evidence in advance of trial" but rather to supply "any essential detail which may have been omitted from the indictment." United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973). A bill of particulars is not an investigative vehicle for the defense and is not available as a tool to obtain detailed disclosure of the government's evidence prior to trial or to provide the defendant with additional discovery.

> See e.g.., United States v. Automated Med. Labs, Inc., 770 F.2d 399, 405 (4th Cir. 1985).

If the government has an "open file policy," this is taken into account in determining whether the degree of detail known by the defendant is constitutionally adequate. United States v. Bales, 813

F.2d 1289 (4th Cir. 1987); United States v. Duncan, 598 F.2d 839, 849 (4th Cir. 1979).

Counts Seven and Eight charge Defendant with making and subscribing a false tax return for tax year 2006 [Count Seven] and aiding and assisting in the preparation and presentation of a false and fraudulent return for the tax year 2007 [Count Eight] in violation of 26 USC §7206(1) and 26 USC §7206(2) respectively. In each Count the grand jury sets forth the amount of taxable income claimed by Defendant for the tax year but does not assert the amount of taxable income the grand jury contends was understated. Instead, the grand jury used the following language in count seven: "whereas, as he then and there well knew and believed he received taxable income in addition to the amount stated in the return, which was a material matter to the Internal Revenue Service[.]" and "[t]he return was false and fraudulent as to a material matter, in that it reported taxable income in the amount of $254,882 (loss) , whereas, as the defendant then and there knew, he received taxable income in addition to the amount stated in the return. In each count the grand jury re-alleged each of the paragraphs in the indictment that proceeded it and made them part of the count, ie: Count Seven re-alleges paragraphs 1-26 and Count Eight re-alleges paragraphs 1-28. Paragraph 23 alleges in pertinent part: "During the same time period[1], SAOUD fraudulently obtained at least $850,000 from AGS and CWVD, in violation of the Exclusion Agreement."

In the present case, the United States represents to the Court that it "provided early disclosure of the IRS Special Agent's Report [SAR], which specifically identifies the amount and source of all unreported income by the Defendant, all alleged by the Government." [DE 26, p. 2]. Counsel for Defendant admits receipt of the SAR in addition to approximately 200,000 other pages

---

[1]Time period refers to "From September, 2005, through October 2010,...." [paragraph 23 of the indictment].

of discovery.

During oral argument, the United States made certain representations and clarifications relative to the SAR which, once made, Defendant, by counsel admitted rendered the motion moot.

Accordingly, the court does not have to reach the merits of Defendant's motion.

Upon consideration of all which, and for reasons apparent from the record, the Court **DENIES DEFENDANT'S MOTION FOR BILL OF PARTICULARS AS MOOTED BY THE CLARIFICATION OF THE AUSA RELATIVE TO THE SAR .**

The clerk is hereby directed to remove Defendant's Motion for Bill of Particulars (Docket Entry 23) from the docket of motions actively pending before the Court.

It is so **ORDERED.**

The Clerk of court is directed to send copies of this Order to all counsel of record.

DATED: May 1, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE