**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                        **//    CRIMINAL ACTION NO. 1:12CR113
                                          (Judge Keeley)**

**ALLEN G. SAOUD,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING VICTIM'S
<u>PETITION FOR SUPPLEMENTAL RESTITUTION [DKT. NO. 232]</u>**

On May 3, 2016, Fred D. Scott ("Scott"), a victim in this criminal case, filed a petition seeking supplemental restitution pursuant to 18 U.S.C. §§ 3664(d)(5) and (o)(1)(C) (Dkt. No. 232). The Court ordered the United States and the defendant, Allen G. Saoud ("Saoud"), to file a response. The United States concurred in Scott's petition (Dkt. No. 237), and Saoud did not file a response. For the reasons that follow, the Court **GRANTS** Scott's petition and **ORDERS** that Saoud pay Scott supplemental restitution in the amount of **$74,487.46**.

<u>**BACKGROUND**</u>

**I.    The Criminal Case**

On June 4, 2013, Saoud was indicted in a thirty-two count second superseding indictment (Dkt. No. 56). Those charges included allegations of health care fraud, aggravated identity theft, concealment of material facts in a health care matter, making and subscribing a false tax return, aiding and assisting in

**UNITED STATES V. SAOUD**                                           **1:12CR113**

**MEMORANDUM OPINION AND ORDER GRANTING VICTIM'S
PETITION FOR SUPPLEMENTAL RESTITUTION [DKT. NO. 232]**

the preparation and presentation of a false and fraudulent return, corrupt endeavor to obstruct and impede the due administration of internal revenue laws, falsification of bankruptcy documents, bankruptcy fraud, and false statement to a federal official. Id. On June 25, 2013, following a ten-day trial, a jury convicted Saoud on twenty-two counts (Dkt. No. 106). Thereafter, on July 2, 2013, the Court entered an order adjudging Saoud guilty of thirteen counts of health care fraud, one count of aggravated identity theft, one count of concealment of material facts in a health care matter, one count of corrupt endeavor to obstruct and impede the due administration of internal revenue laws, five counts of bankruptcy fraud, and one count of false statement to a federal agent (Dkt. No. 115).

On March 25, 2014, the Court sentenced Saoud to a total of 99 months of incarceration, three years of supervised release, forfeiture of $1,243.118.29, and a $2,630,000.00 fine (Dkt. No. 170).[1] Importantly, it left open the issue of restitution for 90 days pursuant to 18 U.S.C. § 3664(d)(5) (Dkt. No. 171). On June 5, 2014, the Court entered an amended judgment and commitment order

---

[1] The United States Court of Appeals for the Fourth Circuit later affirmed Saoud's convictions. See United States v. Saoud, No. 1:12CR113, 2014 WL 7210734, at *1 (4th Cir. Dec. 19, 2014).

directing Saoud to pay a total of $265,330.04 in restitution (Dkt. No. 196). Relevant to the issues raised here, the Court designated Scott as a victim and awarded him a total of $92,603.00 for attorney's fees stemming from the criminal case and a related bankruptcy case (Dkt. No. 197). Because Scott's participation in the bankruptcy case was intrinsically linked to the same conduct for which Saoud was convicted, the Court found that attorney's fees were warranted in that case as well.

## II. The Bankruptcy Case[2]

Like the criminal case, the bankruptcy case stems from Saoud's fraudulent health care scheme. On October 13, 2011, the plaintiff Martin Sheehan ("Sheehan"), in his capacity as Trustee of AGS, sued Saoud and Scott, among other defendants, under federal bankruptcy law and the West Virginia Uniform Fraudulent Transfers Act, W. Va. Code § 40-1A-1, *et seq*. (Dkt. No. 3). On October 6, 2014, Sheehan filed an amended complaint (Dkt. No. 86). Scott filed a cross-claim against Saoud, and Saoud filed a cross-claim against Scott (Dkt. No. 88 at 8).

On October 20, 2014, Scott moved for summary judgment on both the complaint and Saoud's crossclaim (Dkt. No. 89). On January 28,

---

[2] All citations in this section refer to civil case 1:11CV163.

2015, and as amended on February 18, 2015, the Court granted Scott's motion for summary judgment as to Saoud's counterclaim (Dkt. No. 136 at 4-9).

On February 18, 2015, the Court held a final pre-trial conference in the matter, during which it dismissed Scott as a defendant (Dkt. No. 137). At that time, Scott voluntarily withdrew his request to pursue a cross-claim against Saoud. Id.

On March 3, 2015, following a two-day trial, the jury returned a verdict for Saoud (Dkt. No. 150). On April 1, 2015, Sheehan filed his notice of appeal (Dkt. No. 153). The parties did not appeal the Court's ruling granting summary judgment to Scott (Dkt. No. 164 at 3). On May 24, 2016, the United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment. Sheehan v. Saoud, No. 15-1338, __ F. App'x __, 2016 WL 2990988, at *1 (4th Cir. May 24, 2016).

On April 17, 2015, Scott filed a motion in the bankruptcy case seeking supplemental restitution based on his status in the criminal case as a victim of Saoud's criminal conduct (Dkt. No. 157). According to Scott, he was unaware of his additional losses – attorney's fees and costs incurred in defending the bankruptcy litigation – at the time of Saoud's sentencing. Id. at 3. He therefore sought to recover $74,487.46, of which he claims he first

became aware when his role in the bankruptcy case concluded on February 18, 2015.  Id.

Saoud opposed Scott's motion on May 1, 2015, arguing that (1) it was "unclear" whether Scott's motion was properly before the Court, given the appeal in the case; and (2) Scott cannot seek criminal restitution in a civil case, particularly after voluntarily withdrawing his cross-claim (Dkt. No. 159).

On June 26, 2015, the Court ordered Saoud and Scott to file supplemental briefs addressing the issues of jurisdiction and whether Scott could seek criminal restitution in a civil case (Dkt. No. 160).  Scott supplemented his motion on July 13, 2015, arguing that he should be permitted to seek criminal restitution in the bankruptcy case (Dkt. No. 164 at 2).  On July 27, 2015, Saoud filed his brief, contending that Scott's request for supplemental restitution is untimely (Dkt. No. 165 at 2).

On February 5, 2016, the Court denied Scott's request for additional restitution because he had filed it in the bankruptcy case, rather than in the criminal case (Dkt. No. 166 at 8–9).  It instructed Scott that any supplemental restitution would have to be obtained, if at all, in the criminal case.  Id. at 9.

**UNITED STATES V. SAOUD**                                              **1:12CR113**

**MEMORANDUM OPINION AND ORDER GRANTING VICTIM'S
PETITION FOR SUPPLEMENTAL RESTITUTION [DKT. NO. 232]**

**III. Scott's Petition for Supplemental Restitution**

On May 3, 2016, Scott filed a petition seeking supplemental restitution in the criminal case (Dkt. No. 232). He argues that, insofar as the Court has already found him to be a victim of Saoud's criminal conduct and has awarded restitution for his attorney's fees in the bankruptcy case, it should now award him supplemental restitution for additional attorney's fees accrued since the time of Saoud's sentencing. Id. at 2. He contends that his attorneys in the bankruptcy case had to draft and file pleadings, propound and respond to written discovery, participate in depositions, and prepare for trial. Id.; see also Dkt. No. 235. These activities continued until the eve of trial, as Scott was dismissed from the bankruptcy case at the final pre-trial conference (Dkt. No. 232 at 2). According to Scott, good cause exists for failing to have included these losses in his initial restitution claim because they accrued after that time. Id. at 3. Scott filed his request (albeit in the bankruptcy case) within 60 days of his determination of his full losses. Id.

Saoud did not respond to Scott's petition, despite having been directed to do so (Dkt. No. 233). The United States concurred in Scott's petition, advising that it "has no basis to dispute the additional restitution claimed in the matter, which could not be

determined until recently." (Dkt. No. 237 at 1). The matter is now ripe for disposition.

### APPLICABLE LAW

Restitution is a mandatory component of a federal sentence where, as here, the crime involves fraud and deceit, 18 U.S.C. § 3662(a)(2), or where an identifiable victim has suffered a pecuniary loss, 18 U.S.C. § 3662(c)(1)(B). Further, restitution should be awarded for the full amount of loss suffered. 18 U.S.C. § 3664(f).

Under the Mandatory Victims' Restitution Act ("MVRA"), 18 U.S.C. § 3663A, a victim is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered, including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2).

Procedurally, the MVRA requires the Court to determine a victim's losses at sentencing, or if the victim's losses are not ascertainable at sentencing, within 90 days of sentencing. 18 U.S.C. § 3664(d)(5). "The fact that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of

the Government, does not deprive the court of the power to order restitution." <u>Dolan v. United States</u>, 560 U.S. 605, 611 (2010).

If the victim "subsequently discovers further losses," he must petition the Court for an amended restitution order within "60 days after discovery of those losses." 18 U.S.C. § 3664(d)(5). The Court will only grant such a petition "upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief." <u>Id.</u>

## **ANALYSIS**

When the Court sentenced Saoud on March 25, 2014, it deferred its decision on restitution for 90 days. <u>See</u> 18 U.S.C. § 3664(d)(5) (allowing the district court to determine the victim's losses no later than 90 days following sentencing). Later, it entered an amended judgment on June 5, 2014 (Dkt. No. 196), awarding Scott restitution in the amount of $92,603.00, payable to his attorneys (Dkt. No. 197 at 4). Now, pursuant to § 3664(d)(5), Scott petitions the Court for an amended restitution order.

As an initial matter, Scott's petition is timely because he filed it (albeit in the bankruptcy case) within 60 days after discovering the full amount of his loss. 18 U.S.C. § 3664(d)(5). The Court dismissed Scott from the bankruptcy case on February 18, 2015. On April 17, 2015, he moved for supplemental restitution

based on the amount of his attorney's fees in defending the bankruptcy case (Case No. 1:11CV163, Dkt. No. 157). The Court denied Scott's motion as improperly filed, after which he re-filed it in the instant criminal case.

Furthermore, Scott is able to establish good cause for his failure to include these losses in his initial restitution claim. At Saoud's sentencing, Scott included in his claim attorney's fees that had accrued in the bankruptcy case up to that date. At that time, however, he could not have foreseen the future and have projected with any certainty what the amount of his attorney's fees would be at the conclusion of the bankruptcy case. He therefore did what the MVRA contemplated — he moved to modify the order of restitution once he knew the full amount of his losses. See United States v. Blakeney-Herron, No. 3:08CR259, 2010 WL 2640319, at *1 (W.D.N.C. July 1, 2010) (explaining that, in the Fourth Circuit, courts retain the jurisdiction to modify restitution orders more than 90 days after sentencing).

Nor is Saoud prejudiced by the delay in this amended restitution order. In the first place, he did not object to Scott's petition after being given the opportunity to do so. Furthermore, he has been on notice of the possibility of additional losses since his sentencing hearing, when the Court awarded Scott

9

**MEMORANDUM OPINION AND ORDER GRANTING VICTIM'S
PETITION FOR SUPPLEMENTAL RESTITUTION [DKT. NO. 232]**

restitution for attorney's fees in the bankruptcy case. Although not a requirement for an award of additional losses under the MVRA, it was entirely foreseeable at Saoud's sentencing that Scott would attempt to claim such losses because the bankruptcy case was still proceeding.

In conclusion, for the reasons discussed, the Court **FINDS** that additional restitution to Scott is appropriate, **GRANTS** his petition, and **AWARDS** him supplemental restitution in the amount of **$74,487.46** for attorney's fees in the bankruptcy case. It will enter an amended judgment and commitment order separately.

It so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: July 12, 2016.

/s/ Irene M. Keeley  
IRENE M. KEELEY  
UNITED STATES DISTRICT JUDGE
